UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WESLEY WHITE,                                          )
                                                      )
                                                      )        **COMPLAINT**
                           Plaintiff,                 )
                                                      )        **JURY TRIAL DEMANDED**
      -against-                                       )
                                                      )
THE CITY OF NEW YORK; POLICE                          )
DETECTIVE JAMAR GODDARD, Shield No.                   )
692; ASSISTANT DISTRICT ATTORNEY                      )
MARY CATE SIMEONE; JOHN DOE # 1;                      )
JOHN DOES; and RICHARD ROES,                          )
                                                      )
                           Defendants.                )
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiff seeks relief for the defendants' violation

of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United

States Constitution, including its Fourth and Fourteenth Amendments and by the laws and

Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and

punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and

further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff is a resident of the State of New York, County of the Kings.  Plaintiff is African-American.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.      Defendants POLICE DETECTIVE JAMAR GODDARD, ASSISTANT DISTRICT ATTORNEY MARY CATE SIMEONE, JOHN DOE # 1, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK and/or the New York County District Attorney's Office and/or the Office of the Special Narcotics Prosecutor.  Defendants are

2

and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and / or the New York County District Attorney's Office and/or the Office of the Special Narcotics Prosecutor, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE JAMAR GODDARD, ASSISTANT DISTRICT ATTORNEY MARY CATE SIMEONE, JOHN DOE # 1, and JOHN DOES are sued individually.

8.      Defendants POLICE DETECTIVE JAMAR GODDARD, ASSISTANT DISTRICT ATTORNEY MARY CATE SIMEONE, JOHN DOE # 1, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department and/or the New York County District Attorney's Office and/or the Office of the Special Narcotics Prosecutor, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department and/or New York County District Attorney's Office and/or the Office of the Special Narcotics Prosecutor under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK and/or  New York County District Attorney's Office and/or the Office of the Special Narcotics Prosecutor, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City

3

Police Department and/or New York County District Attorney's Office and/or the Office of the Special Narcotics Prosecutor, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE DETECTIVE JAMAR GODDARD, ASSISTANT DISTRICT ATTORNEY MARY CATE SIMEONE, JOHN DOE # 1, and RICHARD ROES are sued individually.

**STATEMENT OF FACTS**

9.      On November 21, 2019, at approximately 9:00 a.m., Plaintiff was inside of his home located at 1043 Belmont Avenue, Second Floor, Brooklyn, NY.

10.      1043 Belmont Ave. is a two-story house that is divided into two distinct residences, each of which has its own private, locked entrance (each entrance using its own unique key) from within the house.

11.      The entry to the house itself also has its own lock.

12.      The house used to belong to Plaintiff's grandfather, who died in 2012.

13.      As of November 21, 2019, Plaintiff was renting the first floor residence to two tenants.

14.      As noted, *supra*, Plaintiff lives in the second floor residence.

15.      There is also a basement area in the house.

16.      Plaintiff heard people - who turned out to be numerous JOHN DOES members of the NYPD - yelling downstairs in the house.

17.      The JOHN DOES came upstairs to Plaintiff's door, and yelled to Plaintiff to open the door to his residence.

18.      Plaintiff responded that he was coming.

19.     Before Plaintiff could open the door, however, the JOHN DOES violently broke through the door to Plaintiff's residence.

20.     The JOHN DOES were holding large, clear shields.

21.     JOHN DOE # 1 pointed a gun at Plaintiff's head.

22.     The JOHN DOES handcuffed Plaintiff, and asked Plaintiff who he was.

23.     The JOHN DOES also checked Plaintiff's identification.

24.     The JOHN DOES asked Plaintiff who was on the porch of the house, and Plaintiff said that he did not know.

25.     The JOHN DOES responded that they found that hard to believe, and brought Plaintiff downstairs, handcuffed, without providing Plaintiff with any explanation as to why they were arresting him.

26.     Plaintiff asked to see a copy of a warrant, which was not shown to him by the JOHN DOES until later, when he was at the police precinct.

27.     Plaintiff told the JOHN DOES that the house encompassed two separate units, but the JOHN DOES told him that the warrant covered the entire house.

28.     The JOHN DOES held Plaintiff in their custody at the house for approximately 45 minutes.

29.     During this approximately 45 minutes, Plaintiff complained about the excessive and punitive tightness of his handcuffs, but his complaints were ignored.

30.     The JOHN DOES had four other men handcuffed on the porch, one of whom was one of his tenants from the downstairs residence.

31.     The JOHN DOES searched the first floor residence of the house.

5

32.     Because the JOHN DOES took Plaintiff downstairs, he does not know if they also searched his second floor residence after they unlawfully entered it by force.

33.     Plaintiff and the other handcuffed men were taken to the NYPD 75th Precinct, where they were fingerprinted and photographed.

34.     After a couple of hours at the precinct, Plaintiff was taken to Manhattan's Central Booking facility.

35.     Plaintiff was arraigned late that night, and released on his own recognizance.

36.     Plaintiff was wrongfully charged with one count of Criminal Possession of a Controlled Substance in the Fifth Degree (Penal Law § 220.06(5)), one Count of Criminal Possessions of Marijuana in the Third Degree (Penal Law § 221.20), one count of Criminally Using Drug Paraphernalia in the Second Degree (Penal Law § 220.50(2)), and one count of Criminally Using Drug Paraphernalia in the Second Degree (Penal Law § 220.50(3)).

37.     Defendant GODDARD is the deponent on the Criminal Court Complaint that was lodged against Plaintiff (along with three of his co-arrestees), and he states that the JOHN DOES had executed Search Warrant 1265/2019, which was authorized by a Judge Gaffney of the New York County Criminal Court.

38.     The Criminal Court Complaint states further that Defendant GODDARD participated in the search of 1043 Belmont Avenue.

39.     The Criminal Court Complaint also notes that Defendant SIMEONE was the Assistant District Attorney assigned to the matter.

40.     On information and belief, the search warrant was applied for – for the entirety of 1043 Belmont Avenue and for one of Plaintiff's tenants - by Defendant GODDARD and

Defendant SIMEONE and / or by other JOHN DOES Defendants.

41. On information and belief, when the warrant was applied for Judge Gaffney was not informed that there were multiple separate residences in the home, despite that fact being obvious to anyone who would have visited either of the residences in the home.

42. There was no reasonable basis upon which to seek a search warrant or an arrest warrant that authorized entry into Plaintiff's second floor residence, and the failure to specify that the house encompassed two distinct residences when the warrant was applied for was a material misrepresentation to the court.

43. Defendant GODDARD lied on the Criminal Court Complaint, under penalty of perjury, by claiming that Plaintiff was present with two of the other arrestees in the living room of the first floor apartment when Defendant GODDARD entered the house. (Defendant GODDARD referred to that floor as the second floor, perhaps because it was above the basement level, but it is clear that he is referring to the entrance level of the house).

44. The Criminal Court Complaint is also false in that it does not set forth that there were two distinct, separately locked residences in the house (Plaintiff's residence, which was upstairs on the second floor, and his tenants', which was on the first floor, entrance level).

45. The Criminal Court Complaint alleges that crack cocaine, marijuana, a scale with crack cocaine and marijuana residue on it, and ziplock baggies were found in a room in the first floor residence.

46. If these drugs and drug paraphernalia indeed were found in Plaintiff's tenants' residence, there was no reasonable basis whatsoever to believe that Plaintiff - who the officers saw was in his own, separate residence on the second floor after they broke down his door and

forced their way in - had anything whatsoever to do with it.

47.     Plaintiff had to make approximately three further court appearances, on information and belief on December 18, 2019, on January 13, 2020, and on March 6, 2020.

48.     On March 6, 2020 all charges against Plaintiff were dismissed in their entirety.

49.     The JOHN DOES engaged in wanton and unnecessary destruction to both the first and second floor units in the house, which they ransacked.

## **FIRST CLAIM**

### **DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

50.     Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff and his homes, unlawfully obtaining a warrant for the search of plaintiff's home, and the home of his tenants, and executing it improperly, converting plaintiff's property, abusing process against plaintiff, wrongfully prosecuting plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff (including fabricating evidence), invading plaintiff's privacy and dignity, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants POLICE DETECTIVE JAMAR GODDARD, ASSISTANT DISTRICT ATTORNEY MARY CATE SIMEONE, JOHN DOE # 1, and JOHN DOES, and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference

8

to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

52.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

53.    Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54.    By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants Defendants POLICE DETECTIVE JAMAR GODDARD, ASSISTANT DISTRICT ATTORNEY MARY CATE SIMEONE, JOHN DOE # 1, and JOHN DOES, and/or RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

55.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

56.     Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the district attorney's offices it funds, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the district attorney's offices it funds, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and the district attorney's offices it funds, and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional

conduct alleged herein.

60.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and the district attorney's offices it funds, and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing raids and arrests, particularly upon people of Hispanic or African-American ethnicity, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of search warrants and the use of information garnered through confidential informants, and of failing to properly train, supervise or discipline police supervisors and subordinate officers to prevent them from failing to assure that proper procedures were implemented.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

61.     Defendant the CITY OF NEW YORK failed to provide any formal training to its police officers, either during the Police Academy or after, on the constitutional prohibitions on causing unnecessary and excessive damage during the execution of search warrants.

62.     Defendant the CITY OF NEW YORK maintained no written guidelines on the constitutional prohibitions on causing unnecessary and excessive damage during the execution of search warrants.

63.     Defendant the CITY OF NEW YORK knew to a moral certainty that its police officers would be required to obtain and execute search warrants, and the City empowered them to do so, and therefore the need to train officers in the constitutional limitations on how to obtain them and on causing unnecessary or excessive damage during the execution of a search warrant was obvious.

64.     The failure of defendant the CITY OF NEW YORK to train its police officers or assistant district attorneys employed by the district attorney's offices it funds, or provide guidelines to its officers or assistant district attorneys employed by the district attorney's offices it funds in the constitutional prohibitions on obtaining, and on causing unnecessary and excessive damage during the execution of, search warrants amounts to deliberate indifference to the rights of persons with whom the police come into contact.

65.     Defendant the CITY OF NEW YORK implemented, enforced, encouraged, sanctioned and/or ratified policies, practices, and/or customs of failing to train its police officers or assistant district attorneys employed by the district attorney's offices it funds, and failing to implement guidelines on the constitutional prohibitions on obtaining, and on causing unnecessary and excessive damage during, the execution of search warrants.

66.     By implementing, enforcing, encouraging, sanctioning and/or ratifying these policies, practices, and/or customs, defendant the CITY OF NEW YORK caused the Plaintiff loss of his privacy, dignity, and liberty, and to be subjected to excessive and/or unnecessary force and destruction of property during the search of his home, and deprived of property without due process of law, in violation of his rights guaranteed to every citizen of the United States by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

67.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE
## CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

68.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

69.     The conduct of the individual defendants alleged herein, occurred while they were

on duty and / or in uniform, and / or in and during the course and scope of their duties and

functions as police and District Attorney's office personnel, and / or while they were acting as

agents and employees of the defendant the CITY OF NEW YORK, and, as a result, the defendant

CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of

respondeat superior.

70.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

71.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

72.     By the actions described above, defendants caused plaintiff to be falsely arrested

and imprisoned, without reasonable or probable cause, illegally and without a warrant, and

without any right or authority to do so.  The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to the plaintiff and violated his statutory and common

13

law rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT AND BATTERY

74.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were

14

the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

80.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

83.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

84.    Defendant the CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and

15

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### ABUSE OF PROCESS

86.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

87.    By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

88.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

16

## ELEVENTH CLAIM

### TRESPASS

89.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

90.     The defendants willfully, wrongfully and unlawfully trespassed upon the home and person of plaintiff.

91.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWLEFTH CLAIM

### CONSTITUTIONAL TORT

92.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

93.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11, and 12 of the New York State Constitution.

94.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

95.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

17

## THIRTEENTH CLAIM

### CONVERSION

96.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

97.     Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

### MALICIOUS PROSECUTION

99.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

100.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

101.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all

of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims

herein;

      d. Costs and interest and attorney's fees;

      e. The return of his cellular telephone to him;

      f. Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
             February 19, 2021

                            _____/S/_____
                            JEFFREY A. ROTHMAN, Esq.
                            Law Office of Jeffrey A. Rothman
                            305 Broadway, Suite 100
                            New York, New York 10007
                            (212) 227-2980

                            Attorney for Plaintiff

19